[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven, Docket No. CR7-109445;
Mark Rademacher, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION: CT Page 4078
The petitioner, who was twenty-three years of age at the time of sentencing, was found guilty by a jury of the following offenses:
1. Sexual Assault, 1st Degree (C.G.S. Sec. 53a-70a)
2. Sexual Assault, 2nd Degree (C.G.S. Sec. 53a-71 (a)(1))
3. Risk of Injury to a Minor (C.G.S. Sec. 53-21)
4. Kidnapping, First Degree (53a-92 (a)(2)(c))
He was sentenced to a term of ten (10) years on each of the Sexual Assault Counts and five (5) years for the Risk of Injury. Those sentences were concurrent with each other. On the Kidnapping, First Degree, he was sentenced to a consecutive term of ten (10) years, to be suspended after five (5) years with a three (3) year probationary period. Thus, his total effective sentence was twenty (20) years, execution suspended after fifteen (15) years, and three (3) years of probation.
The petitioner asks the Review Division to reduce the period of incarceration so as to permit the petitioner an earlier opportunity to avail himself of treatment which could be supervised by the Probation Department. He points to the recommendation in the pre-sentence report which recommends a course of treatment. (The pre-sentence report recommends inpatient treatment in a secure setting followed by probation).
The State's Attorney points out that these crimes involved a violent assault on a fourteen (14) year old girl. The victim related that the petitioner, by pulling her coat and clasping her hands together, pulled her across railroad tracks and into a vacant room in a nearby building, that he pushed her down, causing her to hit her head and pass out; that when she came to, her clothes had been removed and the petitioner then raped her, that during the rape, he hit her in the face to prevent her resistance, which again caused her to pass out, that when she awoke the petitioner was gone and she was alone, that the petitioner later threatened to "get her" if she told anyone, and that the rape was her first experience of sexual intercourse.
The petitioner had two (2) prior misdemeanor convictions. He was mistreated as a young child and was found to be socially and emotionally maladjusted during his school years, and that background may provide some insight CT Page 4079 into his violent behavior in this instance. Prior to sentencing an examination was done pursuant to Conn. Gen. Stat. Sec. 17-244 which concluded that the petitioner had a personality disorder which made him a danger to women. The report concluded, however, that a commitment to the Whiting Forensic Institute was not appropriate.
The sentencing court properly characterized this incident as a "particularly vicious sexual assault", and noted the serious consequences to the victim which were detailed in the sentencing transcript.
The petitioner had, up to the time of sentencing consistently maintained his innocence.
The sentencing court was aware of, and specifically considered the petitioner's early turbulent life. It also considered and weighed the seriousness of the offense, its effect on the victim and the petitioner's attitude which indicated a lack of concern on his part, (except for his own predicament) and the danger the petitioner represented to the community.
These factors are all appropriate for a court to consider in determining the sentence it should impose. The Division finds this to be a carefully considered sentence, and that it was neither disproportionate nor excessive. The sentence is affirmed.
Klaczak, Norko and Barry, J.s, participated in this decision.